In the Matter of GLOSTEX PRODUCTS, INC., an Illinois corporation.
No. 57 B 1953.

United States District Court
N. D. Illinois, E. D.
Jan. 23, 1961.

Blanksten & Lansing, Chicago, Ill., for Irving Herman.

Nash, Ahern & McNally, Chicago, Ill., for trustee.

LA BUY, District Judge.

This matter is before the court on a certificate of the Referee on a petition for a review of an order entered November 21, 1960, wherein Irving Herman, former president of the bankrupt and operating head of the debtor in possession, was ordered to pay to the bankruptcy estate or to the Director of Internal Revenue the sum of $9,634.18 needed to satisfy and discharge the claim of the Director of Internal Revenue filed for said amount for withholding and social security taxes for a three-month period ending March 31, 1958, and that execution issue therefor.

During the course of the hearing before the Referee the evidence disclosed that on April 22, 1957 the debtor in possession was continued in the operation of its business and was further ordered to hold separate and apart in a separate depositary money for withholding and social security taxes; that there was a compliance with the order of the court until January 1958, when no deposits were made for the months of January, February and March. An order was entered April 27, 1957 authorizing the debtor in possession to borrow money from the National Acceptance Corporation in order to continue the operation of the business, to assign as collateral therefor all its present and future accounts receivable, and to execute and deliver to National Acceptance Corporation any and all other documents and instruments required by it from time to time to effectuate the borrowing arrangement.

The testimony of the debtor discloses that he had no control over the receipt or collection of money from the operation of the business, which were all under the control of the finance company; that the only money he received for the operation of the business was that obtained from the finance company; that in January 1958 the finance company began to reduce the amount of money it advanced to the debtor and required it to list its daily money requirements upon which the finance company indicated its approval and disapproval before disbursements were made; that during the early part of February the National Acceptance Corporation sequestered the mail of the debtor and withheld from the debtor all checks; that it also exercised control over the bank account of the debtor with the American National Bank by allowing or disallowing the clearance of checks that had been issued by the debtor for various purposes; that the debtor made frequent requests of the finance company to allow for the payment of the withholding and social security taxes and was advised that it would be taken care of; that in March the debtor advised its counsel that it was not receiving full financing from the finance company, whereupon it was determined that the debtor in possession could no longer operate the business and was compelled to go into bankruptcy.

The Referee concluded that there was no lawful excuse for the failure of Irving

Herman to advise the court of the failure to pay the taxes for January, February and March, 1959, and his reason therefor, and that Irving Herman had deliberately flouted the order of the court. Thereupon the Referee entered the order which is before the court for review.

■ The question here to be resolved is whether requisite possession has been shown upon which to premise a turnover order. This question was well considered by the Supreme Court of the United States in Maggio v. Zeitz, 1947, 333 U.S. 56, at page 65, 68 S.Ct. 401, at page 406, 92 L.Ed. 476, where it is stated as follows:

"Since no authority imposes upon either the Court of Appeals or the Bankruptcy Court any presumption of law, either conclusive or disputable, which would forbid or dispense with further inquiry or consideration of other evidence and testimony, turnover orders should not be issued, or approved on appeal, merely on proof that at some past time property was in possession or control of the accused party, unless the time element and other factors make that a fair and reasonable inference. Under some circumstances it may be permissible, in resolving the unknown from the known, to reach the conclusion of present control from proof of previous possession. Such a process, sometimes characterized as a 'presumption of fact,' is, however, nothing more than a process of reasoning from one fact to another, an argument which infers a fact otherwise doubtful from a fact which is proved.

"Of course, the fact that a man at one time had a given item of property is a circumstance to be weighed in determining whether he may properly be found to have it at a later date. But the inference from yesterday's possession is one thing, that permissible from possession twenty months ago quite another. With what kind of property do we

deal? Was it salable or consumable? The inference of continued possession might be warranted when applied to books of account which are not consumable or marketable, but quite inappropriate under the same circumstances if applied to perishable merchandise or salable goods in considerable demand. * * *"

In Volume 2, Collier on Bankruptcy, ¶23.-10, page 538, these principles are iterated as follows:

"* * * It is not enough, however, for the receiver or trustee to prove that at the time of bankruptcy the property or proceeds sought to be recovered were within the possession or control of the person proceeded against; it must also be proved that the possession or control exists 'at the time of the proceeding'. * * * A person cannot turn over what he does not have; it must be determined whether or not the property is in his possession or control so that he has the personal, physical ability to comply with the order demanded. The court will not undertake to compel the futile or impossible. Nor is the fact that the defendant should have possession or control sufficient, if it is shown he does not have it. * * *"

The debtor in the instant case is not accused of withdrawal of funds for his personal use. It is charged he used money for the purchase of merchandise from suppliers when he should have set aside some of the funds for taxes. The record is clear he derived no personal gain and in fact disbursed the money he received. This debtor can not be ordered to turn over that which he does not possess.

■ The record of this case discloses that from April 1957 through December 1957 the debtor fully complied with the order of the Referee on withholding and social security taxes. It further shows that commencing in January the finance company reduced the amount of money being advanced to the debtor and that it exercised control over the manner of its

disbursement, hampering the debtor in the exercise of his discretion as to the allocation to be made of the moneys so advanced. Considering the entire record, this court is of the opinion that the debtor should have brought this situation to the attention of the court earlier, but that this omission was not a deliberate and willful defiance of the Referee's order.

An order has this day been entered sustaining the petition for review and vacating and setting aside the turnover order of November 21, 1960.